BAKER, Judge
(concurring in the result):
In my view, the majority seeks to decide too much and rebut too much at this stage in the proceedings. As a result, I write separately to concur in the result.
Courts of Criminal Appeals (CCAs) are courts of law. They can decide eases based on principles of law or issues of fact. Viewing the words of A’ticle 66, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866 (2006), in the context of the UCMJ as a whole, and the role of CCAs within that UCMJ, it is clear that CCAs are not equitable courts, and they are not policy-making *149 bodies. They are empowered to decide cases based on principles of law applied in the context of Article 66, UCMJ.
The problem here is that we do not know on what legal basis, if any, the lower court dismissed the charge in this case; the lower court’s opinion does not elaborate. It appeal’s that the lower court has acted with de facto clemency; however, having decided to make Appellant’s appeal a test case, the CCA should have an opportunity to explain its reasoning. Therefore, I agree with the remand. With the benefit of additional input from the lower court regarding what legal principles it applied, if any, in reaching its conclusions, we will better understand where the case-specific and statutory fault lines lie between the various opinions. At that point, this Court will be able to more squarely address the Article 66, UCMJ, issues at hand.